

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 29  PM 3:48

CLERK'S OFFICE
AT BALTIMORE
BY_____NM_____DEPUTY



**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

---

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Bonnie S. Greenberg<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4890<br>MAIN: 410-209-4800<br>FAX: 410-962-0716<br>TTY/TDD: 410-962-4462<br>Bonnie.Greenberg@usdoj.gov |

June 26, 2014

Gary Christopher, Esquire
Assistant Federal Public Defender
100 South Charles Street, 9th Floor
Baltimore, Maryland 21201

> Re: United States v. Jarwon Douglass Scott
>     <u>Criminal No. GLR 14-0094</u>

Dear Mr. Christopher:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by August 1, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1.      The Defendant agrees to plead guilty to Counts One and Two of the Indictment now pending against him, which charge him with Hobbs Act Robbery and Using, Carrying and Brandishing a Firearm during and in relation to a Crime of Violence, in violation of 18 U.S.C. Sections 1951 and 924(c), respectively. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

## COUNT ONE

That on or about September 1, 2013, in the District of Maryland,

a.   The Defendant knowingly obtained or took the property of another, or from the presence of another;

b.   The Defendant took this property against the victim's will, by actual or threatened force, violence or fear of injury, whether immediately or in the future; and

c.   As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed or affected in any way or degree.

## COUNT TWO

That on or about September 1, 2013, in the District of Maryland,

a.   The Defendant committed a crime of violence, specifically Interference with Interstate Commerce by Robbery, as charged in Count One of the Indictment, for which he might be prosecuted in a court of the United States; and

b.   The Defendant knowingly brandished a firearm during and in relation to the commission of the crime charged in Count One of the Indictment.

**Penalties**

3.   The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count One: twenty (20) years imprisonment, a $250,000 fine, and a period of supervised release of three (3) years; Count Two: life imprisonment, with a mandatory minimum term of seven (7) years imprisonment consecutive to any other imprisonment imposed, a $250,000 fine, and a period of supervised release of five (5) year. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. Section 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. Section 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole

discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of

Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. Sections 3551-3742 (excepting 18 U.S.C. Sections 3553(b)(1) and 3742(e)) and 28 U.S.C. Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a.  The parties agree that the facts stated in Attachment A would establish that the Defendant committed the crime of felon in possession, charged in Count Three of the Indictment. Therefore, the guidelines level applicable will be calculated as if the Defendant were convicted of Count Three of the Indictment, pursuant to U.S.S.G. Section 1B1.2 (c).

4

b. The base offense level applicable to the robbery charged in Count One is 20 pursuant to U.S.S.G. Section 2B3.1(a).

c. The parties agree that the base offense level as to Count Three is 20 pursuant to U.S.S.G. § 2K2.1(a)(4).

d. Pursuant to U.S.S.G. §§ 3D1.2(c), Application Note 5, no additional points are added.

e. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. Section 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final adjusted, combined offense level is 17, plus a seven year consecutive sentence as to Count Two.**

c. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

d. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

5

### Rule 11(c)(1)(C) Plea

7. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that an aggregate sentence of 120 months imprisonment, that is, 36 months as to Count One, and 84 months imprisonment (consecutive) as to Count Two, in the custody of the Bureau of Prisons is the appropriate disposition of this case pursuant to 18 U.S.C. § 3553. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

8. At the time of sentencing, this Office will recommend a sentence consistent with paragraph 7 and dismiss Count Three of the Indictment.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Restitution

10. The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. Sections 3663 and 3663A and Sections 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Forfeiture

11. The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the firearm and ammunition seized in this case, to wit: 9mmm Luger "Leinad" model "PM-11/Nine

6

mm" semi-automatic pistol with an obliterated serial number (which was later chemically enhanced and found to be 94-0012855), and ammunition.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

> a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. Section 1291 or otherwise, to appeal the Defendant's conviction;
>
> b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. Section 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 120 months imprisonment total as to Counts One and Two and Four; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 120 months imprisonment total as to Counts One and Two in the custody of the Bureau of Prisons.
>
> c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.
>
> d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. Section 3C1.1, or (ii) fails to accept personal

responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/9/14                                                           _____
Date                                                             Jarvon Douglass Scott

I am Mr. Scott's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/9/14                                                           _____
Date                                                             Gary Christopher, Esquire

9

## ATTACHMENT A

The United States would prove the following facts beyond a reasonable doubt at trial:

On September 1, 2013, Jarwon Douglass Scott went to the Ramada Inn, 6422 Baltimore National Pike, Catonsville, Maryland. Mr. Scott offered to sell prescription drugs to certain of the motel's residents. When it came time for the delivery, Mr. Scott gained access to the motel room under the ruse of supplying drugs and, along with another individual, robbed the two occupants of the hotel room of money. Specifically, Mr. Scott brandished a handgun and demanded money from the two occupants of the room, who had been expecting to purchase drugs from Mr. Scott. After the robbery, the occupants refused to stay in the hotel room due to the robbery. The Ramada Inn, a national hotel chain, refunded the money they paid for their room. Further, the two victims were from out-of-state, and had come to Maryland to work on a construction job. Therefore, the robbery interfered with and obstructed the interstate commerce activities of the Ramada Inn, 6422 Baltimore National Pike, Catonsville, Maryland.

On September 5, 2013, Jarwon Scott was arrested. In the truck of the car he was about to enter was a 9mmm Luger "Leinad" model "PM-11/Nine mm" semi-automatic pistol with an obliterated serial number (which was later chemically enhanced and found to be 94-0012855), and ammunition. Mr. Scott knowingly possessed both of the above-referenced firearms subsequent to his receiving convictions for crimes punishable by more than one year of imprisonment. His civil rights have not been restored. The firearms and ammunition recovered were manufactured outside the state of Maryland and therefore travelled in and affected interstate commerce. The firearms were designed to be capable of expelling a projectile by means of an explosive, and thus meets the definition of a firearm in 18 U.S.C. § 921.

_____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

7/9/14                                    _____
Date                                      Jarwon Douglass Scott

I am Jarwon Douglass Scott's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

7/9/14                                    _____
Date                                      Gary Christopher, Esquire